Adrian KLOBOCHISTA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72181.

BIA No. A76–817–768.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 8, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marshall G. Whitehead, Monika Sud-Devaraj, Law Offices of Marshall G. Whitehead, P.C., Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, James A. Hunolt, Emily A. Radford, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM**

Substantial evidence supports the immigration judge's determination that, although credible, petitioner Adrian Klobochista did not establish an objectively reasonable fear of persecution if returned to The Former Yugoslav Republic of Macedonia ("Macedonia").[1] *See Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999) (petitioner's fear "must be both subjectively genuine and objectively reasonable to qualify for asylum").

Although Klobochista asserted a number of grounds for asylum in his initial application, his appeal focuses primarily on his participation in three Albanian demonstrations. At one of these demonstrations, in Gostivar, tensions with police escalated into violence, resulting in death and injury to some of the demonstrators. Several months later, shortly before he left for the United States, Klobochista received a notice to report for military service and a notice to report to the police station for an interview. Klobochista believed that he was called to the police station because of the Gostivar demonstration, but provided no objective evidence to support this speculation. He also testified he was afraid to report to the police because he knew of three people from his city that were called to the police station and then imprisoned. He did not, however, indicate when or why these people were summoned or arrested, nor did he provide any information suggesting why he would be treated similarly.

The 1997 State Department Macedonia Country Report confirmed the violent demonstration in Gostivar had occurred, and also noted that although no action had yet been taken against the police, the government had established a commission to study the incident and determine whether the police used excessive force. The report also indicated that although the government continued to invite citizens to appear at police stations for "informative talks," there were no confirmed reports of arbitrary arrest.

This record does not compel the conclusion that Klobochista would likely suffer persecution if returned to Macedonia. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) ("To obtain reversal, [petitioner] must establish that the evidence not only supports the conclusion that [he] ... has a well-founded fear of persecution, but compels it.").

PETITION DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the Board of Immigration Appeals adopted the decision of the immigration judge, we review that decision. *Al–Harbi v. INS*, 242 F.3d 882, 887–88 (9th Cir.2001).